UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-2910 (UNA) |
| | ) |
| DISTRICT RICO ESTABLISHMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application and DISMISSES the complaint for lack of subject matter jurisdiction. The plaintiff's motions (ECF Nos. 4-10) are DENIED without prejudice as moot.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

As far as the Court can discern, the plaintiff, who resides in the District of Columbia, attempts to bring negligence and other tort claims against a Washington, D.C., restaurant, which

1

arise out of an incident on June 18, 2025, at that restaurant. *See* Compl. at 4. The plaintiff goes on to mention a "violation of . . . civil right," *id.*, and an unnamed "public official," *id.*, but neither the right nor the official is identified or apparent from the meager factual allegations of the complaint. This case therefore does not present a federal question. And because both the plaintiff and named defendant appear to reside or conduct business in the District of Columbia, and because the plaintiff's demand for a refund does not appear to exceed the $75,000 threshold, the plaintiff also fails to establish diversity jurisdiction.

      A separate Order will issue.

/s/
DABNEY L. FRIEDRICH
United States District Judge

DATE: October 28, 2025